IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **ELEANOR A. YOCIUS, DEBORA LEWIS, UNITED STATES OF AMERICA, UNKNOWN OWNERS, and NON-RECORD CLAIMANTS,** <br><br> **Defendants.** | No. 11-cv-421-DRH |

## ORDER

**HERNDON, Chief Judge:**

Now before this Court is plaintiff Wells Fargo Bank's motion to remand (Doc. 13). For the following reasons, the motion is GRANTED and this matter is REMANDED to the Madison County, Illinois Circuit Court.

Plaintiff originally filed this matter in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois, on April 27, 2011. Defendant United States removed this action to federal court pursuant to 28 U.S.C. § 1444, which permits the United States to remove any action brought under 28 U.S.C. § 2410. The United States was named a defendant because it holds a recorded Notice of Tax Lien in Madison County against Deborah Lewis. As it turned out, the Debora<u>h</u> Lewis the United States has a lien for is not the same as the named

defendant Debora Lewis in this matter. Thus the United States was dismissed as a party. No other defendants have entered an appearance in this action.

"If at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If the United States removes a case on a particular ground and then is dismissed from the case, if those particular grounds no longer exist, a court ceases to have have subject matter jurisdiction over the case. *See, e.g.*, *Polanco v. Washington Hosp. Ctr. Corp.*, 667 F. Supp. 2d 83, 85 (D.D.C. 2009). If a case is removed on grounds other than diversity jurisdiction, the fact that defendants might have removed the case on the basis of diversity jurisdiction is irrelevant because that factual scenario never existed. *See id.* Even if federal jurisdiction is doubtful, a remand to state court is necessary. *See id.* (citing *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc)).

Here, the United States removed this case on statutory grounds. No other defendants have appeared. With the United States no longer a party, this court no longer has subject matter jurisdiction over this matter. Even if it were possible that diversity jurisdiction existed in this case, that allegation of jurisdiction has never been made. Therefore, pursuant to 28 U.S.C. § 1447(c), this matter must be remanded to state court, and would have to be remanded even in the absence of plaintiff's motion. Plaintiff's motion to remand is GRANTED and this matter is

REMANDED to the Madison County, Illinois Circuit Court.

**IT IS SO ORDERED.**

Signed this 16th day of August, 2011.

Digitally signed by David R. Herndon
Date: 2011.08.16 13:02:32 -05'00'

**Chief Judge
United States District Court**